```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
            Civil No. 14-131(DSD/JJG)
```

Felicitas Camarena,

        Plaintiff,

v.                                                          **ORDER**

Wells Fargo Bank, N.A., doing
business as Wells Fargo Home
Mortgage, doing business as
Americas Servicing Company,

        Defendant.

    Jonathan L.R. Drewes, Esq., Bennett Hartz, Esq. and
    Drewes Law PLLC, 1516 West Lake Street, Suite 300,
    Minneapolis, MN 55408, counsel for plaintiff.

    Ellen B. Silverman, Esq., Ashley M. DeMinck, Esq. and
    Hinshaw & Culbertson LLP, 333 South Seventh Street, Suite
    2000, Minneapolis, MN 55402, counsel for defendant.

    This matter is before the court upon the motion to dismiss by defendant Wells Fargo Bank, N.A. doing business as Wells Fargo Home Mortgage doing business as Americas Servicing Company (Wells Fargo). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

## BACKGROUND

    This consumer-protection dispute arises out of the information contained in the credit report of plaintiff Felicitas Camarena. Camarena discovered her credit report showed an unsecured second mortgage with a balance of $37,488.00. Compl. ¶ 10. On November

11, 2013, Camarena informed nonparty TransUnion, LLC (TransUnion), a credit reporting agency, that "I am no longer liable for this account. This property was foreclosed on in 2008 and sold in short sale so please update my [report] to show $0 balance." Id. ¶ 11. TransUnion sent the dispute to Wells Fargo. Id. ¶ 12. Thereafter, the report showed a new, incorrect balance of $374,788. Id. ¶ 14.

On January 14, 2014, Camarena filed a complaint, alleging violations of (1) the Fair Credit Reporting Act (FCRA) and (2) the Fair Debt Collection Practices Act (FDCPA). Wells Fargo moves to dismiss the FDCPA claim.[1]

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as

---

[1] Initially, Camarena failed to submit a memorandum in opposition to the instant motion. On April 7, 2014, the court issued an order canceling the April 11, 2014, hearing on the motion and informing the parties that the court would consider an award of attorneys' fees pursuant to Local Rule 7.1(g)(4). See ECF No. 10. Thereafter, Camarena submitted a memorandum in opposition to the instant motion and a memorandum addressing the possibility of attorneys' fees. In the latter memorandum, counsel for Camarena stated that he "cannot deny the reasonableness of an award of attorney's fees for the actual damages caused, though that award should justly be made against ... counsel rather than [Camarena] herself." ECF No. 12, at 2. To date, the court has received no correspondence from Wells Fargo regarding its position on possible attorneys' fees or a reasonable amount for any such award. As a result, the court takes no action regarding the imposition of reasonable attorneys' fees at this time.

true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6). See Fed. R. Civ. P. 12(d). The court, however, may consider matters of public record and materials that do not contradict the complaint, as well as materials that are "necessarily embraced by the pleadings." See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations and internal quotation marks omitted). In this case, the credit reports and dispute are attached to the complaint, and are properly before the court.

**II.  FDCPA**

Camarena alleges that Wells Fargo violated the FDCPA by misrepresenting the amount of the mortgage balance on her credit report.  "A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which ... protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection [attempts]."  <u>Strand v. Diversified Collection Serv., Inc.</u>, 380 F.3d 316, 317–18 (8th Cir. 2004) (citations and internal quotation marks omitted).  "The unsophisticated consumer test is a practical one, and statements that are merely susceptible of an ingenious misreading do not violate the FDCPA."  <u>Peters v. Gen. Serv. Bureau, Inc.</u>, 277 F.3d 1051, 1056 (8th Cir. 2002) (citations and internal quotation marks omitted).

Camarena argues that Wells Fargo violated 15 U.S.C. § 1692e(2)(A), which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt ... [including] [t]he false representation of ... the character, amount, or legal status of any debt."  Wells Fargo responds that Camarena's claim fails

4

because any such false representation was not "in connection with the collection of any debt."[2]  The court agrees.

Here, Camarena alleges that, after she disputed her credit report, Wells Fargo reported an incorrect balance to the credit agency.  Camarena, however, points to no authority suggesting that a debt collector's response to a credit report dispute is "in connection with the collection of" a debt.  Indeed, such actions do not amount to "collection of ... debt" for purposes of a similar provision of the FDCPA. Edeh v. Midland Credit Mgmt., Inc., 748 F. Supp. 2d 1030, 1036 (D. Minn. 2010) (internal quotation marks omitted).  Moreover, the mortgage at issue had been extinguished by the 2008 foreclosure and short sale, so there was no existing debt for Wells Fargo to attempt to collect.  Compl. ¶ 11; see Miller v. Bank of Am., Nat'l Ass'n, 858 F. Supp. 2d 1118, 1123 (S.D. Cal. 2012) (dismissing FDCPA claim because "allegedly false statements [in credit report] cannot be deemed to be 'in connection' with a present debt collection proceeding," as short sale had already occurred).  As a result, Wells Fargo's communication with the credit reporting agency was not in connection with the collection of a debt, and dismissal is warranted for this reason alone.

---

[2] Wells Fargo also argues that it is exempt from the FDCPA because it is not a "debt collector."  The court need not reach such argument, however, because it finds that the actions at issue were not in connection with the collection of a debt.

Further, even if the alleged misrepresentations were in connection with the collection of a debt, a false statement must be material in order to be actionable under the FDCPA.  Neill v. Bullseye Collection Agency, Inc., No. 08-5800, 2009 WL 1386155, at *2 (D. Minn. May 14, 2009).  Representations are material if they "frustrate a consumer's ability to intelligently choose his or her response."  Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010) (citation omitted).  Here, Camarena has not pleaded that any misrepresentation affected her ability to intelligently choose her response.  For this additional reason, dismissal of the FDCPA claim is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 5] is granted.

Dated:  August 14, 2014

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court